1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   VICTOR A. FIERRO,                          )   Case No.: 1:13-cv-00076 - JLT (PC)
                                                )
12              Plaintiff,                       )   ORDER TO PLAINTIFF TO SHOW CAUSE WHY
                                                )   THE ACTION SHOULD NOT BE DISMISSED
13        v.                                     )   FOR FAILURE TO COMPLY WITH THE
                                                )   COURT'S ORDER
14   CCA CALIFORNIA CITY, et al.,                )
                                                )
15              Defendants.                      )
                                                )
16   _____        )

17         Victor A. Fierro ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with a civil action

18   pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

19   (1971).  On January 23, 2013, the Court reviewed Plaintiff's motion to proceed *in forma pauperis*, and

20   determined the information provided by Plaintiff was insufficient to determine it satisfies the

21   requirements of 28 U.S.C. § 1915(a).  (Doc. 3). Therefore, the Court ordered Plaintiff to either (1) pay

22   the $350 filing fee for the action, or (2) file an amended motion to proceed *in forma pauperis* with a

23   certified copy of his prison trust account statement for the six-month period preceding the filing of his

24   complaint.  (Doc. 3 at 2).  Although Plaintiff was warned that failure to comply with the order would

25   result in a recommendation that the action be dismissed, he failed to respond to the Court's order.

26         The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

27   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

28   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

                                                    1

1  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

2  including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

3  (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

4  an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v.*

5  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

6  requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

7  (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

8  Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

9      Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one days** of the date of

10  service of this Order why the action should not be dismissed for his failure comply with the Court's

11  order.  In the alternative, within the same twenty-one day period, Plaintiff may pay the filing fee of

12  $350.00 or file an amended motion to proceed *in forma pauperis*, as instructed in the Court's order

13  dated January 23, 2013.

14

15  IT IS SO ORDERED.

16  Dated:    **February 22, 2013**          **/s/ Jennifer L. Thurston**
17                                   UNITED STATES MAGISTRATE JUDGE

2