UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR A. FIERRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CCA CALIFORNIA CITY, et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00076 JLT (PC)<br><br>ORDER DIRECTING THE CLERK TO ASSIGN THIS MATTER TO THE APPROPRIATE U.S. DISTRICT COURT JUDGE<br><br>FINDING AND RECOMMENDATION OF DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 5). |

　　　　Plaintiff Victor A. Fierro ("Plaintiff") is a federal prisoner proceeding *pro se* in a civil rights action pursuant to Bivens v. Six Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1). On February 22, 2013, the Magistrate Judge ordered Plaintiff to show cause as to why the matter should not be dismissed for failure to comply with the Court's Order, dated January 23, 2013. (Docs. 3 and 5). The Magistrate Judge required Plaintiff to pay the $350.00 filing fee for this action or to file an amended motion to proceed *in forma pauperis*. Id. Plaintiff failed to do so. Additionally, the United States Postal Service returned the February 22, 2013, order to the Court as undeliverable on March 7, 2013. Accordingly, for the following reasons, the Magistrate Judge **RECOMMENDS DISMISSAL** of the matter for failure to prosecute.

///

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g*. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since January 16, 2013. (Doc. 1). This case cannot be held abeyance indefinitely based on Plaintiff's failure to comply with the Court order dated February 22, 2013. (Doc. 5).

Additionally, Local Rule 183(b) requires Plaintiff to keep the Court abreast of his current address. The Rule permits dismissal of a matter where the United States Postal Service returns mail as undeliverable and a party fails to notify the Court of his or her new address within 63 days. Local Rule 183(b). As more than 63 days have passed since March 7, 2013, the public's interest in expeditiously resolving this matter weighs in favor of dismissal.

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Similarly, the factors in favor of dismissal discussed above

greatly outweigh the public policy favoring disposition of cases on their merits. Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's continuous disregard for the Court's mandates. Therefore, the Magistrate Judge **RECOMMENDS DISMISSAL OF THIS MATTER** for failure to prosecute and comply with Court order.

**ORDER**

The Clerk of the Court is DIRECTED to assign this matter to the appropriate U.S. District Court Judge.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, and for the aforementioned reasons, the Magistrate Judge **FINDS** that Plaintiff has failed to comply with the Court's February 22, 2013, Order and has failed to comply with Local Rule 183(b). Thus, **DISMISSAL** of this matter is **RECOMMENDED** for failure to comply with Court order and for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. <u>Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.</u> Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 21, 2013**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE